IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BRANDON JAMES ANGEL-CROWELL #02157883 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv047 |
| SGT UNKNOWN PAYN, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff, an inmate of the Harris County Jail, proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights during a previous stay in the Michael Unit of the Texas Department of Criminal Justice (TDCJ). The case was transferred to this Court for proper venue and referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. The Amended Complaint**

In the amended complaint he filed on February 6, 2023, Plaintiff alleges that he repeatedly suffered smoke inhalation from fires set in the dayroom of the Michael Unit, and that Defendant Payn, a TDCJ Sergeant, was among those who denied him any assistance or treatment as he was on his cell floor struggling to breathe. (Dkt. #8 at 3–4; Dkt. #8-1.) Plaintiff says he was gasping for breath and was left to suffocate in thick smoke while staff wore gas masks to do count. (Dkt. #8-1 at 1–2.)

Plaintiff names Payn and the Michael Unit as Defendants and seeks unspecified monetary compensation. (Dkt. #8 at 3–4.)

**II. Legal Standards and Preliminary Screening**

Plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity, and he is proceeding *in forma pauperis*, so his claims are subject to preliminary screening pursuant to the Prison Litigation Reform Act as required by 28 U.S.C. §§ 1915A and 1915(e). Those statutes direct *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id.* (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under Section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, No. SA-16-CV-284-DAE (PMA), 2016 WL 2344231, at *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550

2

U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

Although all well-pleaded facts are taken as true, the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

**III. Discussion and Analysis**

By separate order, the Court is authorizing service and requiring a response to Plaintiff's claims from Defendant Payn. The claim against the Michael Unit itself, however, must be dismissed. The Michael Unit is simply a prison, and a "prison is a building, not a 'person' subject to suit under 42 U.S.C. § 1983." *Bland v. Terrebonne Par. Crim. Just. Complex*, No. CIV.A. 09-4407, 2009 WL 3486449, at *3 (E.D. La. Oct. 23, 2009); *Rathmann v. Mississippi Dep't of Corr.*, No. 3:20-CV-33-KHJ-LGI, 2021 WL 310972, at *2 (S.D. Miss. Jan. 29, 2021) ("Numerous courts have held a prison or jail are not entities that can be sued under Section 1983 . . . because they are not 'persons' for purposes of suit under Section 1983, as the state and case law define that term.")

(punctuation and citation omitted). Even if the Court construed Plaintiff's claim to be against TDCJ itself, the TDCJ is absolutely immune from suit under Section 1983 as a state agency, pursuant to the Eleventh Amendment. *Cox v. Texas*, 354 F. App'x 901, 903 (5th Cir. 2009). Accordingly, Plaintiff fails to state a viable claim against either the Michael Unit or the TDCJ.

**IV. Conclusion**

For the reasons set forth above, Plaintiff fails to state a claim upon which relief can be granted against the Michael Unit, and it should be dismissed from this suit.

RECOMMENDATION

Accordingly, the undersigned recommends that Plaintiff's claim against the Michael Unit be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e) for failure to state a claim upon which relief can be granted.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 21st day of February, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE